NEW YORK UNIVERSITY, Plaintiff–
Counter–Defendant–Appellee,

v.

PLANET EARTH FOUNDATION, doing
business as Planet Earth Media, De-
fendant–Counterclaimant–Appellant,

Lisa Blume, Defendant,

John Keith Blume, also known as
Keith Blume, Defendant–
Counterclaimant.

No. 05–1832–CV.

United States Court of Appeals,
Second Circuit.

Dec. 23, 2005.

Norman H. Zivin (Robert T. Maldonado,
on the brief), Cooper & Dunham LLP,
New York, N.Y., for Appellant.

R. Brian Black (Dori Ann Hanswirth,
Hogan & Hartson L.L.P., New York, N.Y.,
and Ada Meloy, New York University,
New York, N.Y., on the brief), Hogan &
Hartson L.L.P., New York, N.Y., for Ap-
pellee.

PRESENT: Hon. JAMES L. OAKES,
Hon. GUIDO CALABRESI, and Hon.
RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

At a Stated Term of the United States
Court of Appeals for the Second Circuit,
held at the Thurgood Marshall United
States Courthouse, at Foley Square, in the
City of New York, on the 23rd day of
December, two thousand and five.

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED**.

At the conclusion of trial, a jury awarded Plaintiff–Counter–Defendant–Appellee New York University ("NYU") $562,000 in damages, plus interest, on its breach of contract claim against Defendant–Counter-claimant–Appellant Planet Earth Foundation ("Planet Earth"), and found NYU not liable on Planet Earth's counterclaims for breach of contract and copyright infringement. Planet Earth moved, pursuant to Federal Rule of Civil Procedure 50, for judgment as a matter of law, and moved in the alternative, pursuant to Federal Rule of Civil Procedure 59, for a new trial. The district court (Stanton, J.) denied the motion. Planet Earth appeals from the judgment of the district court and from all related orders and rulings.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

Appellants argue, *inter alia*, that the evidence presented was legally insufficient to support the jury's verdict. The standards for setting aside a jury verdict for insufficiency of evidence, however, are not easily met. Judgment as a matter of law should be granted "only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against the moving party." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108 (2d Cir.2001) (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir.2000)) (internal quotation mark omitted). Similarly, a new trial should be granted on the ground that the verdict was against the weight of the evidence only where "the jury has reached a seriously erroneous result or the verdict is

a miscarriage of justice." *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 634 (2d Cir.2002) (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir.1998)) (alteration omitted). We review *de novo* the district court's denial of a Rule 50 motion, *Yurman*, 262 F.3d at 108, and we review for abuse of discretion the denial of a Rule 59 motion, *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

■ Here, the record contains sufficient evidence to support the jury's verdict, both with respect to NYU's successful breach of contract claim, and with respect to Planet Earth's unsuccessful copyright infringement counterclaim. The evidence supports a finding that Planet Earth breached the contract by demanding extra compensation as a condition of producing the public service announcements that it had contracted to provide. *See REA Express, Inc. v. Interway Corp.*, 538 F.2d 953, 955 (2d Cir.1976). As to the copyright infringement claim, the evidence also supports the jury's finding of fair use, under the four-factored analysis prescribed by statute. *See* 17 U.S.C. § 107. While Planet Earth vehemently argues, for instance, that NYU's display of copyrighted material at a fund-raiser was of a commercial nature, *see* 17 U.S.C. § 107(1), this issue is the jury's to decide.

Planet Earth also alleges a number of errors by the trial court, relating to evidentiary rulings, jury instructions, and other matters. Planet Earth objected at trial to some of these rulings, but not to all of them. When claims of error have been preserved by contemporaneous objections, faulty rulings warrant a new trial only if they constituted a "clear abuse of discretion" and were "clearly prejudicial to the outcome of the trial." *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005). When no contemporaneous objec-

tion was made, a new trial is warranted only if there was "plain error" that was "so serious and flagrant that it goes to the very integrity of the trial." *Id.* "The burden of demonstrating prejudice requiring reversal rests with the party asserting error." *Hygh v. Jacobs,* 961 F.2d 359, 365 (2d Cir.1992); *see also Marcic,* 397 F.3d at 124. Because Planet Earth has not shown the requisite harm, we reject its claims of error without determining whether the challenged rulings were, in fact, improper.

We have considered all of Planet Earth's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.